UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| IN THE MATTER OF BELDEN INVESTMENTS, LLC D/B/A AMPHIBIOUS MARINE AS OWNER OF HOUSEBOAT VESSEL, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 2:20-cv-1486<br><br>SECTION: ___ \| DIVISION: ___<br><br>JUDGE:<br><br>MAGISTRATE: |

**LIMITATION COMPLAINT**

The Complaint of Belden Investments, L.L.C. d/b/a Amphibious Marine ("Belden") in cause of exoneration from or limitation of liability pursuant to 46 U.S.C. §30501 *et seq.*, civil and maritime, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, with respect represents:

1.

Venue is proper in the United States District Court for the Western District of Louisiana, Lake Charles Division pursuant to Rule F(9) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.

2.

At all times pertinent hereto, Belden was and now is a limited liability company duly organized under the laws of Louisiana with its principal place of business in Louisiana, doing business within Louisiana, and was and now is the owner of a houseboat barge vessel ("Vessel") that was leased by Lonnie G. Harper & Associates, Inc. ("Harper") and used by Harper as living quarters for its employees in July 2017.

3.

The Vessel is a houseboat as described in the survey report of Kyle Smith attached hereto as Exhibit 1 with an overall length of 132 feet and a breadth of 24 feet currently located on a navigable waterway in St. Mary Parish, Louisiana.

4.

On or about July 27, 2017, the Vessel was located near Lafitte, Louisiana, on a navigable waterway. Harper employed a number of people, including James Charles Duddleston, to perform surveying services on the Louisiana coast. Harper leased the Vessel from Belden in order to use it as living quarters for its employees, including Mr. Duddleston. Harper's employees, including Mr. Duddleston, used other vessels besides the Vessel to perform its surveying work. On or about July 27, 2017, Mr. Duddleston returned to the Vessel after working all day for Harper on another vessel which was not owned by Belden. Within a short time of returning to the Vessel, Mr. Duddleston is alleged to have shown signs of "severe heat stroke." He was eventually hospitalized and ultimately died.

7.

As a result of the above-described incident, Garrett Duddleston, individually and as the representative of the estate of his father, James Charles Duddleston, and Glenn Ray Duddleston, father of James Charles Duddleston, filed their First Supplemental and Amending Petition for wrongful death/survivor action in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana in a suit entitled "*Garret Duddleston, individually and as the representative of the estate of the decedent, James Charles Duddleston; and Glenn Ray Duddleston, father of the decedent, James Charles Duddleston v. Lonnie G. Harper & Associates, Inc., et al*" bearing Case No. 10-20130. The suit alleges that the negligence of Belden and the unseaworthiness of the

Vessel contributed to the death of James Charles Duddleston. Harper is also named as a co-defendant in the suit.

8.

The above-described suit was served on Belden on August 2, 2020. The service of the suit was Belden's first written notice of any claim against it for the above-described incident.

9.

At present time, Belden is aware of the following parties who are interested or may assert claims arising from the incident in question, namely:

1. Garret Duddleston, individually and as the representative of the estate of the decedent, James Charles Duddleston; and Glenn Ray Duddleston, father of the decedent, James Charles Duddleston, through their attorney, Jerome H. Mouroux, Broussard & David, LLC, 557 Jefferson Street, P.O. Box 3524, Lafayette, LA 70502; and

2. Lonnie G. Harper & Associates, Inc., with its mailing address and principal office located at 2764 Louisiana Highway 384, Bell City, LA 70360.

10.

Belden is unaware of any other suits, petitions, demands, unsatisfied claims, or liens against the Vessel in connection with the subject incident, except the suit set forth above and Belden anticipates the potential claims will exceed the value of the Vessel.

11.

The above-described events and the losses, damages, or injuries resulting therefrom were not caused or contributed by the fault, negligence, neglect, lack of due diligence, or want of due care on the part of Belden or the Vessel, or any person in charge of her, or any person for whom

Belden is responsible, the design or condition of the Vessel, nor was the Vessel in any way unseaworthy. Rather, the above-described incident was due to the fault, negligence, neglect, lack of due diligence, and want of care of persons for whom Belden and the Vessel are not responsible.

12.

The value of Belden's interest in the Vessel following the incident on July 27, 2017 was $100,000 as revealed by the survey report of Kyle Smith (Exhibit 1) and the Affidavit of Kyle Smith, which is attached hereto and made a part hereof as Exhibit 2. There was no pending freight at the time of the incident.

13.

Belden files herewith an Ad Interim Stipulation for Value (Exhibit 3) in appropriate form in the sum of $100,000 in accordance with Rule F(1) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, as security for all the benefit of all claimants, together with interest at a rate of 6% per annum from the date of said stipulation, said sum being not less than the amount of Belden's interest in the Vessel, and her pending freight.

14.

Belden claims exoneration from liability for any and all injuries, losses, or damages arising out the incident on July 27, 2017. *See* Exhibit 3, Ad Interim Stipulation for Value.

15.

Belden alleges it has valid defenses thereto on the facts and on the law. Alternatively, Belden, without admitting but affirmatively denying all liability, upon showing that the incident was occasioned without privity or knowledge of Belden, claims the benefit of limitation of liability provided for in 46 U.S.C. §30501 *et seq.*, and the various statutes supplemental thereto.

16.

Pursuant to 46 U.S.C. §30501 *et seq.*, Belden is entitled to have all claims and issues concerning this incident in question determined in a single proceeding in the United States District Court for the Western District of Louisiana, sitting in admiralty.

17.

Belden further specifically avers that this Complaint in Limitation, and the claim for exoneration from and/or limitation of liability asserted herein, is filed not only on their behalf, but also on behalf of their liability underwriters which shall be entitled to exoneration from and/or limitation of liability to the same extent as Belden, and who liability in the premises, if any, shall accordingly not exceed Belden's liability, if any.

WHEREFORE, Belden prays that:

1. This Court issue an Order Approving the Ad Interim Stipulation for Value filed with the Court by Belden as security for the amount or value of its interest in the Vessel and freight then pending;

2. This Court issue a Notice to Known Claimants for the incident of July 27, 2017, admonishing them to file their claims with the Clerk of Court and to serve the attorneys for Belden a copy thereof on or before a date to be named in the Notice, and that if they wish to contest either the right to exoneration from or the right to limitation of liability, they file and serve on the attorneys for Belden an Answer to this Complaint on or before said date;

3. The Notice be published in American Press once a week for four consecutive weeks prior to the date fixed by the Court for filing of claims, and copies of the Notice be mailed to all known claimants in accordance with Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. The Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced, and the commencements or prosecution thereafter of any and all action, suits, or proceedings, of any nature or description whatsoever, in any jurisdiction against Belden, its underwriters and insurers, and/or against the Vessel, her officers and crew, or against an employee or property of Belden except in this action, to recover damages for and in respect of any loss, damage, or injury occasioned or incurred as a result of any incident at issue;

5. This Court adjudge Belden as not liable to any extent for any injuries, losses, or damages occurring as a result of the July 27, 2017 incident or for any claim therefore in any way arising out of or resulting from the incident in question;

6. Alternatively, if liable, which is denied, then its liability should be limited to its interest in the Vessel and her pending freight, and any judgement rendered herein will be so limited; and

7. Belden have such other and further relief as may be just in these circumstances and this Court is competent to grant.

Respectfully submitted,

SALLEY, HITE, MERCER & RESOR, LLC

*/s/ Kevin M. Frey*
DAVID M. FLOTTE, T.A. (#1364)
MARCELLE P. MOULEDOUX (#30339)
KEVIN M. FREY (#35133)
AUSTIN GLASCOE (#38236)
365 Canal Street, Suite 1710
New Orleans, LA  70130
Tel.:    (504) 566-8800
Fax:    (504) 566-8828
dflotte@shrmlaw.com
mmouledoux@shrmlaw.com
kfrey@shmrlaw.com
aglascoe@shmrlaw.com

*Counsel for Belden Investments, L.L.C d/b/a Amphibious Marine*