UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE:  BELDEN INVESTMENTS L L C         CASE NO.  2:20-CV-01486

VERSUS                                   JUDGE JAMES D. CAIN, JR.

                                         MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Dismissal for Failure to State a Claim Pursuant to Fed. R.Civ. P. 12(b)(6)" (Doc. 13) wherein Limitation Petitioner, Belden Investments, LLC d/b/a Amphibious Marine ("Belden"), moves to dismiss with prejudice, Claimants, Garret Duddleston and Glen Ray Duddleston's claim for non-pecuniary damages.

## STATEMENT OF THE CASE

On or abut July 27, 2017, James Charles Duddleston, leased a houseboat to use as his living quarters from Belden while performing surveying services on the Louisiana coast[1] for Lonnie G. Harper & Associates, Inc. ("Harper").[2] After working all day on another vessel, not owned by Belden, Mr. Duddleston returned to the Belden houseboat and immediately showed signs of "severe heat stroke." Mr. Duddleston was hospitalized and unfortunately passed away.[3]

---

[1] Doc. 1, ¶ 4.
[2] Id. ¶ 2.
[3] Id.

Claimants, Garrett Duddleston, Mr. Duddleston's son and Glen Ray Duddleston, Mr. Duddleston's father, filed a petition for wrongful death in state court.[4] The lawsuit alleges that the negligence of Belden and the unseaworthiness of the Vessel contributed to the death of Mr. Duddleston.[5] Harper is also named as a defendant in the state court suit. In the instant lawsuit, Beldon claims exoneration from liability for any and all injuries, losses, or damages arising out of the July 27, 2017 incident and claims the benefit of limitation of liability provided for in 46 U.S.C. § 30501 *et seq.*  In response to this limitation actions, Claimants seek to recover money damages for "punitive damages, as well as wrongful death damages arising therefrom including loss of society and companionship . . . loss of love and affections, and mental anguish and grief."[6]

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party

---

[4] Id. ¶ 7.
[5] Id.
[6] Doc. 9, p. 6.

to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Belden moves to dismiss Claimants' non-pecuniary damages that are prohibited in the general maritime law, namely, punitive damages, and damages for loss of society and companionship, loss of love and affection, and Claimants' mental anguish and grief. Belden relies on case law wherein the jurisprudence bars a claimants' recovery of non-pecuniary damages.

In *Miles v. Apex Marine Corp.,* 498 U.S. 317 (1990), the Supreme Court held that under either the Jones Act, the Death on High Seas Act, or general maritime law, the administrators of a deceased seaman's succession are limited to pecuniary losses in wrongful death actions. *Id.* at 326. *Miles* was reaffirmed *en banc,* and considered good law in *McBride v. Estis,* 768 F.3d 382 (5th Cir. 2014). More recently in *The Dutra Group v. Batterton*, 139 S.Ct. 2275 (2019) again upheld *Miles* and ruled that a seaman could not recover punitive damages for an unseaworthiness claims against a vessel owner/operator. 139 S.Ct. at 2287. See also *Scarborough v. Clemco Industries,* 391 F.3d 660 (5th Cir. 2004) (holding seaman's survivors could not recover non-pecuniary damages against non-employer third party in maritime wrongful death claim); *Rocket v. Belle Chasse Marine Transp., LLC,* 260 F.Supp.3d 688 (E.D. La. 2017 ) (holding that seaman was not entitled to non-pecuniary damages, including punitive damages, in claim against non-employer third party); *Lewis v. Noble Drilling Servs., Inc.* 2016 WL 3902597 at *3 (E.D. La. 2016) ( "In

light of the Supreme Court's and the Fifth Circuit's precedents, it is clear that a Jones Act seaman or his or her representative cannot recover nonpecuniary losses for wrongful death under the Jones Act or general maritime law).

Claimants argue that Belden's right to limit its liability to the value of the houseboat at issue does not eliminate their claims which have been brought in Cameron Parish and which include claims for non-pecuniary damages. Claimants assert that Mr. Duddleston's status as a seaman remains disputed and that the law cited by Defendant which applies only to Jones Act claims and DOHSA claims do not apply.  Specifically, Claimants argue that the "saving to suitors" clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims.

As noted by Belden, Claimants categorize Mr. Duddleston as a "seaman" in both their answer, defenses and claim to this limitation action.[7] Also, in their Louisiana state court Petition against Mr. Duddleston's employer, Claimants please that Mr. Duddleston "was a Jones Act seaman."[8]

Claimants note that they have asserted unseaworthiness claims as well as state law negligence claims against Belden. Without citation to any authority, Claimants suggest that because Mr. Duddleston died within territorial waters as a result of Belden's alleged negligence, Louisiana governs recovery for a wrongful death. Claimants rely on *Sea-Land Servs. v. Gaudet,* 414 U.S. 573, S.Ct. 806 (1974) to support its position that non-pecuniary damages are available to a longshoreman who died in territorial waters. In other words,

---

[7] They "[r]eserve all rights to prosecute [Decedent's] Jones Act, maintenance and cure, and general maritime claims for unseaworthiness in state court. . . ." Doc. 9, p.4.
[8]  Belden Exhibit A, Petition p. 1.

Claimants posit that non-pecuniary damages are available for injuries which occur that are not outside of territorial waters.

*Sea-Land,* a 1974 case has been superseded by statute as stated in *Miles, supra.* *Miles* held that "[t]he Jones Act, which applies to deaths of true seamen as a result of negligence, allows recovery only for pecuniary loss. . ." *Miles,* 498 U.S. at 319. As noted by Defendants, *Miles* did not impose geographical constraints. Furthermore, maritime law applies exclusively to alleged torts that occur on navigable waters, irrespective of whether those waters are territorial waters or not. *Creppel v. Shell Oil Co.,* 738 F.2d 699 (5th Cir. 1984).

Claimants also rely on *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 153 (1957), to support their argument that the right to limitation does not nullify rights afforded by the savings to suitor's clause, and the shipowner remains subject to all common-law remedies available against other parties in damage action."

The savings to suitors clause provides that federal district courts have original jurisdiction, exclusive of state courts, over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C.A. § 1333. As asserted by Belden, the savings-to-suitors clause allows seamen to choose a venue: state or federal court and applies only to seamen.

## CONCLUSION

The Court finds that as plead in his Claim in this suit, as well as in the Petition in state court, Mr. Duddleston is a seaman. The type of damages sought by Claimants are prohibited under the Jones Act and general maritime law negligence or unseaworthiness

claims. Claimants claims for non-pecuniary damages which include punitive damages, loss of society and companionship damages, loss of love and affection damages, and damages as a result of Claimant's mental anguish and grief are not recoverable and will be dismissed with prejudice.

      **THUS DONE AND SIGNED** in Chambers on this 7th day of June, 2021.

                              **JAMES D. CAIN, JR.**
                         **UNITED STATES DISTRICT JUDGE**