UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE:  BELDEN INVESTMENTS L L C     CASE NO.  2:20-CV-01486

VERSUS                               JUDGE JAMES D. CAIN, JR.

                                     MAGISTRATE JUDGE KAY

## MEMORANUDM RULING

Before the Court is a "Motion to Dismiss Glenn Ray Duddleston's Claim Pursuant to Federal Rule 12(b)(6) for Lack of Standing" (Doc.25) filed by Belden Investments, LLC, and a "Motion for Voluntary Dismissal Without Prejudice" (Doc. 27) filed by Glenn Ray Duddleston, father of the decedent James Charles Duddleston. As of this date, no opposition to Belden's Motion to Dismiss Glenn Ray Duddleston's Claim has been filed; Belden opposes Glenn Ray Duddleston's Motion for Voluntary Dismissal without prejudice. In his voluntary motion to dismiss, Claimant Glen Ray Duddleston moves for dismissal without prejudice and seeks to reserve any and all rights available to him with respect to the presently stayed state court action bearing docket no. 10-20130.

## STATEMENT OF THE CASE

On or about July 27, 2017, James Charles Duddleston, leased a houseboat to use as his living quarters from Belden while performing surveying services on the Louisiana coast[1] for Lonnie G. Harper & Associates, Inc. ("Harper").[2] After working all day on

---

[1] Doc. 1, ¶ 4.
[2] Id. ¶ 2.

another vessel, not owned by Belden, Mr. Duddleston returned to the Belden houseboat and immediately showed signs of "severe heat stroke." Mr. Duddleston was hospitalized and unfortunately passed away.[3]

Decedent is survived by father, Glenn Ray Duddleston, and son, Garrett Duddleston (collectively referred to as "Claimants"). Claimants filed a petition for wrongful death and survival actions in state court.[4] The lawsuit alleges that the negligence of Belden and the unseaworthiness of the Vessel contributed to the death of Mr. Duddleston.[5] Harper is also named as a defendant in the state court suit. In the instant lawsuit, Beldon claims exoneration from liability for any and all injuries, losses, or damages arising out of the July 27, 2017 incident and claims the benefit of limitation of liability provided for in 46 U.S.C. § 30501 *et seq.* In response to this limitation actions, Claimants seek to recover money damages for "punitive damages, as well as wrongful death damages arising therefrom including loss of society and companionship . . . loss of love and affections, and mental anguish and grief."[6]

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

---

[3] Id.
[4] Id. ¶ 7.
[5] Id.
[6] Doc. 9, p. 6.

of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than

an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Belden maintains that Decedent's son, Garrett Duddleston, is the only individual with a substantive right to recover vis-à-vis the Jones Act's schedule of beneficiaries. Thus, Belden moves to dismiss with prejudice, Decedent's father, Glenn Ray Duddleston for lack of standing. In the alternative, Belden asserts that Glenn Ray Duddleston's claim should be dismissed for procedural reasons; Belden argues that the only individual entitled to bring a claim for general maritime wrongful death is the Decedent's Estate representative, which is Garrett Duddleston.

Belden relies on Federal Rule of Civil Procedure 17 which "specifies that an action shall be prosecuted in the name of the real party in interest. *Gogolin & Stelter v. Karn's Auto Imports, Inc.,* 886 F.2d 100, 102 (5th Cir. 1989).  A real party in interest "is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Weiburg v. GTE Southwest, Inc.,* 272 F.3d 302, 306

(5th Cir. 2001) (quoting *Farrell Const. Co. v. Jefferson Parish, La.* 896 F.2d 136, 140 (5th Cir. 1990)).

Federal Rule 12(b)(6) allows a defendant to argue that the plaintiff has "fail[ed] to state a claim upon which relief can be granted." A party without standing fails to state a claim upon which relief can be granted. See *Alexander v. DLJ Mortgage Capital, Inc.*, 2016 WL 11613005, at *3-4 (S.D Miss. July 5, 2017).

The Jones Act gives a seaman's estate the right to sue his employer for negligent wrongful death, whereas general maritime law gives a seaman the right to sue a third-party vessel owner for a seaman's wrongful death caused by unseaworthiness. The Jones Act is a legislative creation and sets forth a schedule of beneficiaries who recover in the event of a seaman's wrongful death. General maritime law, created by the judiciary, has been historically silent on the schedule of beneficiaries who recover in the event of wrongful death due to unseaworthiness.

In *Aletha Smith v. Omega Protein, Inc.*, 459 F.Supp.3d 787, 793 (S.D. Miss. 2020), the court held that the Jones Act's schedule of beneficiaries applies to general maritime wrongful death actions. The *Aletha* court relied on *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990) where the in United States Supreme Court held that loss of society damages are not available to a seaman's survivors under a general maritime wrongful death action. 498 U.S. at 32-33. The *Miles* court explained:

> The Jones Act/FELA survival provision limits recovery . . . This was the established rule under FELA when Congress passed the Jones Act, incorporating FELA, and it is the rule under the Jones Act. Congress has limited the survival right for seamen's injuries resulting from negligence. As with loss of society in wrongful death actions, this forecloses more expansive

remedies in a general maritime action founded on strict liability. We will not create, under our admiralty powers, a remedy that . . . goes well beyond the limits of Congress' ordered system of recovery for seamen's injury and death.  Because [the decedent's] estate cannot recover . . . under the Jones Act, it cannot do so under general maritime law.

The *Miles* Court gave further guidance that "in an 'area covered by statute, it would be no more appropriate to prescribe a different measure of damages than to prescribe a different statute of limitations, or a different class of beneficiaries." *Id.* (citing *Higginbotham*, 436 U.S. 618, 625 (1978)).

Under the Jones Act, the decedent's child recovers to the exclusion of the decedent's parent. 45 U.S.C. § § 51, *et seq.* Here, both father and son have filed claims against Petitioner-In-Limitation, Belden.  As such, Decedent's father has no right of recovery and consequently, no standing.

## **CONCLUSION**

For the reasons set forth above, Belden's motion to dismiss Decedent's father, Glenn Ray Duddleston, will be granted, dismissing with prejudice, this Claimant Furthermore, because the Court finds that Glenn Ray Duddleston must be dismissed with prejudice, the voluntary motion to dismiss Glenn Ray Duddleston without prejudice will be denied.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of August, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**